**Jeannine POROD, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–0705–CR–212.

Court of Appeals of Indiana.

Dec. 27, 2007.

---

Jeffrey L. Sanford, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jeannine Porod appeals her conviction for Acquiring Possession of a Legend Drug by Fraud, a Class D felony, following a jury trial. She presents a single issue for our review, namely, whether the State presented sufficient evidence to support her conviction.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On January 18, 2005, Porod altered a prescription for Ritalin that her physician had written for her. Porod changed the dosage from "10" milligrams to "20" milligrams. Porod then submitted the altered prescription to be filled at a CVS pharmacy. Porod did not wait for the prescription to be filled, but left with the intent to return later for it. The pharmacist suspected that the dosage had been altered and telephoned Porod's physician to discuss the matter. Her physician confirmed that the dosage had been altered. The pharmacist telephoned police to report the incident.

When Porod returned to pick up the prescription, the pharmacist completed the sale, but recorded her license plate number and reported the sale to a police officer. Police later contacted Porod and asked her to come to the police station for questioning. Porod complied, and she admitted to altering the prescription from "10" to "20" milligrams of Ritalin. The

State charged her with acquiring possession of a legend drug by fraud. Following trial, a jury found her guilty as charged. The trial court entered judgment accordingly. This appeal ensued.

## DISCUSSION AND DECISION

■ Porod's sole contention on appeal is that the State did not present sufficient evidence to prove that Ritalin is a legend drug as defined by statute. When reviewing the claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

■ It is a well-settled principle of criminal law that a conviction will be reversed as a matter of law if the State fails to prove an essential element of the crime. *Barnett v. State*, 579 N.E.2d 84, 86 (Ind.Ct.App.1991), *trans. denied.* By example, with respect to offenses involving controlled substances, the State must prove, as an essential element, the proscribed drug falls within the applicable statutory provision. *Id.* If a drug is identified in court by a name specifically designated as a controlled substance by the Indiana Code, then the State has proven as a matter of law the drug is a controlled substance. *Id.* If the substance is not specifically enumerated by the Code as a controlled substance, the State must offer extrinsic evidence to prove the substance falls within the Code's definition. *Id.*

Here, the State charged Porod under Indiana Code Section 16–42–19–16, which prohibits obtaining a legend drug by fraud. Indiana Code Section 16–18–2–199 defines a legend drug as:

a drug that is:

(1) subject to 21 U.S.C. [§ ] 353(b)(1); or

(2) listed in the Prescription Drug Product List as:

(A) published in United States Department of Health and Human Services Approved Drug Products with Therapeutic Equivalence Evaluations, Tenth Edition, (1990); and

(B) revised in United States Department of Health and Human Services, Approved Drug Products with Therapeutic Equivalence Evaluations, Cumulative Supplement to the Tenth Edition, Number 10 (1990).

The publication referred to in subsection (2) is commonly known as the "Orange Book." The list of drugs contained in the Orange Book includes Ritalin.

During trial, the State presented testimony that Ritalin is a legend drug, but the State did not introduce into evidence the Orange Book or a copy of 21 U.S.C. § 353(b)(1). On appeal, Porod argues that had the State "provided the judge with a copy of I.C. 16–18–2–199 and 21 U.S.C. [§ ] 353(b)[,]" that would have been sufficient to prove the legend drug element. Brief of Appellant at 8. In the alternative, Porod contends, the State "could have produced, and requested the judge take judicial notice of, [the Orange Book]." *Id.* But, Porod asserts, because the State did not pursue either manner of proof during trial, the evidence is insufficient to support her conviction. We cannot agree.

■ This court has held that where the Uniform Narcotic Drug Act identifies a specific drug by name and designates it a narcotic, "a conviction may be upheld as the trial court need only refer to the exact

418

words of the statutory definition and determine the substance is a narcotic as a matter of law." *White v. State*, 161 Ind. App. 568, 316 N.E.2d 699, 702 (1974). Further, it is well settled that a statute may adopt a part or all of another law or statute, state or federal, by a specific reference to the section sought to be incorporated. *See id.* at 704. And the effect of the incorporation by reference is the same as if the law or statute or the part thereof adopted had been written into the adopting statute. *State v. Doane*, 262 Ind. 75, 311 N.E.2d 803, 805–06 (1974).

Here, the statute defining "legend drug" incorporates by reference 21 U.S.C. § 353(b)(1), which does not include a list of drugs, and the Orange Book, which expressly includes Ritalin in its list of drugs. While not a statute, the Orange Book is promulgated by a federal agency, and we hold that the statute properly incorporates the Orange Book by reference. Because of that incorporation, Ritalin is, as a matter of law, specifically listed as a legend drug under Indiana Code Section 16–1–8–2–199. *See White*, 316 N.E.2d at 704. Accordingly, here, the trial court need only refer to the statutory definition and determine that Ritalin is a legend drug as a matter of law. *See id.* at 702; *Barnett*, 579 N.E.2d at 86. The State presented sufficient evidence to support Porod's conviction.

Affirmed.

BAILEY, J., and CRONE, J., concur.